UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.

ST. PAUL TRAVELERS, as successor in interest to ATLANTIC MUTUAL INSURANCE CO. Marine Division, subrogee of IBEX LLC, and IBEX, LLC

　　　　Plaintiffs

v.

FAIRHAVEN SHIPYARD, INC., and A.I. MARINE ADJUSTERS, INC., a member of AMERICAN INTERNATIONAL GROUP, INC.,

　　　　Defendants

04 11314 RBC

MAGISTRATE JUDGE

COMPLAINT

RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 6/14/04

I.　　PARTIES

Now come the plaintiffs, St. Paul Travelers, as successor in interest to Atlantic Mutual Insurance Co. Marine Division, subrogee of IBEX LLC, ("St. Paul Travelers") and IBEX, LLC ("IBEX"), and complain against the defendants Fairhaven Shipyard Inc. ("Fairhaven Shipyard") and A.I. Marine Adjusters, Inc., a member of American International Group, Inc. ("AIG") as follows:

1.　　The plaintiff St. Paul Travelers is a corporation duly organized and existing under the laws of the state of New Jersey and having a usual place of business at 1200 American Road, Morris Plains, New Jersey. At all relevant times herein its predecessor in interest, Atlantic Mutual Insurance Co. Marine Division ("Atlantic Mutual"), was authorized to issue policies of marine insurance within the state of Rhode Island.

2. The plaintiff IBEX, LLC is a corporation duly organized and existing at law and having a usual place of business at 2 Goat Island, Newport, Rhode Island. At all relevant times herein, IBEX, LLC was the owner and operator of the motor yacht IBEX ("M/Y IBEX").

3. The defendant Fairhaven Shipyard is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and having a usual place of business at 50 Fort Street, Fairhaven, Massachusetts, and at all relevant times herein was in the business of contracting for marine repairs of vessels.

4. The defendant AIG is a corporation duly organized and existing at law, having a usual place of business at 99 High Street, 29th Floor, Boston, Massachusetts 02110-2320, and at all relevant times herein was authorized to issue policies of insurance within the Commonwealth of Massachusetts.

## II. JURISDICTION AND VENUE

5. Original admiralty jurisdiction in this court is proper within the meaning of 28 USC §1333(1) because this claim arises out of a contract for marine repair of a vessel.

6. Venue in this court is proper under 28 USC §1391(b) because this is the judicial district where the defendant Fairhaven Shipyard resides, and also because this is the judicial district where the events or omissions giving rise to the claim occurred.

### III. FACTS

7. At all relevant times herein, Atlantic Mutual had issued a policy of marine insurance to IBEX, LLC. The subject of the marine insurance policy was M/Y IBEX, a 104-foot 1987 Broward motor yacht, O.N. 922876, home ported in Newport, Rhode Island.

8. At all relevant times herein, AIG had issued a policy of insurance to Fairhaven Shipyard.

9. On June 15, 2001, M/Y IBEX grounded while navigating in the harbor of Woods Hole, Massachusetts.

10. Upon inspection following the grounding, the crew of M/Y IBEX found water in the vessel's fuel filter, suggesting rupture of the hull and one or more fuel tanks.

11. M/Y IBEX was towed to Fairhaven Shipyard in Fairhaven, Massachusetts where it was hauled and inspected.

12. As a result of the inspection, M/Y IBEX was found to be damaged and in need of repairs. Accordingly, IBEX and Fairhaven Shipyard entered into contract for the repair of M/Y IBEX. Pursuant to that contract, Fairhaven Shipyard undertook to perform repairs of grounding-related damages on M/Y IBEX between June 16, and July 25, 2001.

13. On July 26, 2001 M/Y IBEX was re-launched, and redelivered to the service of its owners.

14. Atlantic Mutual and IBEX paid in full all invoices for repair to M/Y IBEX given to them by Fairhaven Shipyard.

15. Following the return to service of M/Y IBEX, its crew continued to observe persistent slow fuel leaks around the vessel's main fuel tank.

16. On August 2, 2002, M/Y IBEX was hauled at Brewer's Cove Haven Marina at Barrington, Rhode Island ("Cove Haven Marina") and inspected. The Cove Haven Marina inspection revealed a fuel leak at the bottom of the forward bulkhead of the main fuel tank, and an additional leak at the aft bulkhead, separating the aft fuel tank from the main fuel tank.

17. On August 22, 2002, Theodore A. Toth, of Applied Metals Science Inc., a metallurgical consultant doing business at 4740 126th Avenue in Clearwater, Florida, issued a written report to Anthony Knowles, a marine surveyor representing IBEX, in which he stated that the fuel leakage was the result of defective welding. The welding in question had been performed by Fairhaven Shipyard between June 16 and July 25, 2001.

18. Cove Haven Marina and IBEX thereupon entered into a contract to repair M/Y IBEX. Cove Haven Marina completed repairs during September 2002, including repairs for defective welding by Fairhaven Shipyard. Repair invoices for work including repairs for defective welding ("subsequent repairs") were submitted by Cove Haven Marina, and were paid in full by Atlantic Mutual and IBEX.

19. Atlantic Mutual, as underwriter for IBEX, submitted a claim for the subsequent repairs to AIG, underwriter for Fairhaven Shipyards. Negotiations between the two aimed at resolving this claim continued from the fall of 2002 up through May of 2004.

20. During the course of the negotiations AIG engaged its own marine surveyor, one Michael Collyer of Marine Safety Consultants, Fairhaven, Massachusetts, to examine all known evidence and give an opinion. After examining the evidence, surveyor Collyer also concluded that the fuel leakage found aboard M/Y IBEX was the result of defective welding performed by Fairhaven Shipyard between June 16 and July 25, 2001.

4

21. As a result of AIG's investigation of this claim, on April 17, 2003, AIG tendered, and Atlantic Mutual, now acting through its successor St. Paul Travelers, accepted an offer to pay $65,000 to settle the claim for subsequent repairs.

22. Subsequent to its agreement to pay a settlement, AIG withdrew from the agreement to pay, refused to honor its agreement to pay, and has refused to make any further offer or attempt to resolve the claim with Atlantic Mutual or St. Paul Travelers.

23. Atlantic Mutual resolved in full this loss with its insured IBEX less a self-insured retention paid for by IBEX. St. Paul Travelers, as successor to Atlantic Mutual, and IBEX, LLC therefore both have standing to bring this claim.

## COUNT I – BREACH OF CONTRACT
(St. Paul Travelers and IBEX vs. Fairhaven Shipyard and AIG)

24. St. Paul Travelers and IBEX repeat paragraphs 1-23 and incorporate the same herewith.

25. Fairhaven Shipyard agreed to repair, and was paid in full to repair, all grounding-related damages sustained by M/Y IBEX.

26. By conducting defective welding on M/Y IBEX, resulting in fuel leaks and the necessity for subsequent repairs, Fairhaven Shipyard breached its contract with IBEX for marine repairs.

27. As a direct result of Fairhaven Shipyard's breach of contract, St. Paul Travelers and IBEX have sustained damages as will be more fully shown at trial.

WHEREFORE, the plaintiffs St. Paul Travelers and IBEX demand judgment against the defendants Fairhaven Shipyard Inc. and AIG, in such amount as this honorable court may determine to be just and proper together with interest and costs.

## COUNT II – BREACH OF WARRANTY
(St. Paul Travelers and IBEX v. Fairhaven Shipyard and AIG)

28. St. Paul Travelers and IBEX repeat paragraphs 1-23 and incorporate the same herewith.

29. In agreeing to conduct marine repairs on M/Y IBEX, Fairhaven Shipyard warranted that it would perform all such repairs in a workmanlike manner.

30. By conducting defective welding on M/Y IBEX, resulting in fuel leaks that necessitated subsequent repairs, Fairhaven Shipyard breached its warranty of workmanlike performance to IBEX.

31. As a direct result of Fairhaven Shipyard's breach of warranty, St. Paul Travelers and IBEX have sustained damages as will be more fully shown at trial.

WHEREFORE, the plaintiffs St. Paul Travelers and IBEX demand judgment against the defendants Fairhaven Shipyard and AIG, in such amount as this honorable court may determine to be just and proper together with interest and costs.

## COUNT III – NEGLIGENCE
(St. Paul Travelers and IBEX vs. Fairhaven Shipyard and AIG)

32. St. Paul Travelers and IBEX repeat paragraphs 1-23 and incorporate the same herewith.

33. In agreeing to undertake and perform marine repairs on M/Y IBEX, Fairhaven Shipyard owed to IBEX a duty to conduct such repairs in a non-negligent manner.

34. Fairhaven Shipyard breached its duty to IBEX by conducting repairs to the welding on M/Y IBEX that were negligent.

35. As a direct and proximate result of the negligence of Fairhaven Shipyard, St. Paul Travelers and IBEX have sustained damages as will be more fully shown at trial.

WHEREFORE, the plaintiffs St. Paul Travelers and IBEX demand judgment against the defendants Fairhaven Shipyard and AIG, in such amount as this honorable court may determine to be just and proper together with interest and costs.

### COUNT IV – G.L. c. 93A, §11
(St. Paul Travelers and IBEX vs. AIG)

36. St. Paul Travelers and IBEX repeat paragraphs 1-23 and incorporate the same herewith.

37. At all relevant times herein St. Paul Travelers and/or its predecessor Atlantic Mutual, IBEX, and AIG were engaged in trade or commerce within the meaning of M.G.L. c. 93A, §11.

38. By entering into a claim settlement agreement, and then by withdrawing from and refusing to honor its agreement, and by thereafter refusing to make any further offer or attempts to settle, AIG engaged in an unfair method of competition and/or an unfair or deceptive act or practice within the meaning of §2 and §11 of G.L. c.93A.

39. St. Paul Travelers and IBEX, LLC sustained damages as a result of AIG's employment of unfair method of competition and/or unfair or deceptive act or practice in violation of §§2 and 11 of G.L. c.93A as will be more fully shown at trial.

WHEREFORE, the plaintiffs St. Paul Travelers and IBEX demand judgment against the defendant AIG, in such amount as this honorable court may determine to be just and proper

together with interest, costs, and multiple damages and attorneys fees, to the fullest extent allowed by law.

                Respectfully submitted,

                Plaintiffs,

                ST. PAUL TRAVELERS as successor in interest to ATLANTIC MUTUAL INSURANCE CO. Marine Division, subrogee of IBEX LLC, and IBEX, LLC

                By their attorney,

                */s/ William Hewig, III*
                William Hewig, III (BBO# 541910)
                Kopelman and Paige, P.C.
                31 St. James Avenue
                Boston, MA 02116
                (617) 556-0007

222810/61095/0002

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** ST. PAUL TRAVELERS as successor in interest to ATLANTIC MUTUAL INS. CO. Marine Division, subrogee of IBEX, LLC, and IBEX, LLC

**DEFENDANTS** FAIRHAVEN SHIPYARD, INC. and A.I. MARINE ADJUSTERS, INC., a member of AMERICAN INTERNATIONAL GROUP, INC.

(b) County of Residence of First Listed Plaintiff  Morris Plains, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Bristol
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
William Hewig III, Esq., Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116-4102

Attorneys (If Known)

04 11314 PBS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | M.G.L. c.93A, Sec.2,11 |
| | | ☐ 555 Prison Condition | ☐ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Contract and tort claim (general maritime law) negligent vessel repairs, and M.G.L. c.93, Secs. 2, 11 claim for unfair trade practices

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):  NONE   JUDGE   DOCKET NUMBER

DATE: June 14, 2004   SIGNATURE OF ATTORNEY OF RECORD: William Hewig

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __St. Paul Travelers, et al. v. Fairhaven Shipyard, et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☒   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐   IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐   V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   
   N/A
   
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)    N/A

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __William Hewig III__
ADDRESS __Kopelman and Paige, P.C., 31 St. James Ave., 7th Fl., Boston, MA 02116-4102__
TELEPHONE NO. __(617) 654-1711__

(Coversheetlocal.wpd - 10/17/02)