UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-11314 PBS

ST. PAUL TRAVELERS, as successor in )
interest to ATLANTIN MUTUAL )
INSURANCE CO. Marine Division, subrogee )
of IBEX LLC, and IBEX, LLC, )
)
               Plaintiffs, )
)
v. )
)
FAIRHAVEN SHIPYARD, INC. and A.I. )
MARINE ADJUSTERS, INC., a member of )
AMERICAN INTERNATIONAL GROUP, )
INC. )
)
               Defendant, )
)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE DEFENDANT, A.I. MARINE ADJUSTERS, INC., TO DISMISS THE PLAINTIFFS' CLAIMS AGAINST A.I. MARINE ADJUSTERS, INC. OR, IN THE ALTERNATIVE, TO SEVER AND STAY THE CLAIMS**

**INTRODUCTION**

This action arises out of allegedly negligent welding performed by Fairhaven Shipyard, Inc. ("Farihaven") upon a 104 foot yacht owned by IBEX, LLC. See Plaintiffs' Complaint, ¶¶ 7-18. The IBEX yacht was insured by Atlantic Mutual, which, together with IBEX, LLC, paid for all repairs necessitated by the allegedly negligent welding. See Plaintiffs' Complaint, ¶¶ 14, 18. St. Paul Travelers has brought this action as the successor in interest to Atlantic Mutual, subrogee of IBEX, LLC. See Plaintiffs' Complaint.

St. Paul Travelers and its subrogor, IBEX, LLC, assert breach of contract, breach of warranty and negligence claims against Fairhaven, all of which are based upon the inadequate welding allegedly performed by Fairhaven. The plaintiffs also identify A.I. Marine Adjusters, Inc. ("A.I. Marine") in these three counts of the complaint, as the insurance underwriter for Fairhaven. Plaintiff's Complaint, ¶ 19. However, the plaintiffs do not allege that A.I. Marine contracted with IBEX, warranted that the welding would be done in a workmanlike manner, or performed any welding for IBEX. Thus, although A.I. Marine is identified in Counts I, II and III, the complaint does not in fact contain any claim for breach of contract, breach of warranty or negligence against A.I. Marine. See Plaintiffs' Complaint, ¶¶ 24-35.

The only allegation against A.I. Marine is that A.I. Marine violated M.G.L. ch. 93A, section 11 in the way that it handled the plaintiffs' negligent welding claims against Fairhaven. See Plaintiffs' Complaint, ¶¶ 36-39. In particular, the plaintiffs allege that A.I. Marine entered into a settlement agreement with the plaintiffs on behalf of Fairhaven, subsequently withdrew from the agreement and thereafter refused to make any further attempts to settle the claim. See Plaintiffs' Complaint, ¶ 38.

## ARGUMENT

The plaintiffs claims against A.I. Marine should be dismissed without prejudice or, in the alternative, severed and stayed because (1) they are not ripe for adjudication as the plaintiffs have not suffered a loss of money or property due to A.I. Marine's actions, (2) the claim against A.I. Marine is based on an entirely

different set of facts from the negligent welding claims, and (3) the inclusion of the Chapter 93A claim with the negligent welding claims will severely prejudice the defendant Fairhaven.

**A.   THE PLAINTIFFS' CLAIMS AGAINST A.I. MARINE SHOULD BE DISMISSED WITHOUT PREJUDICE OR SEVERED AND STAYED AS THEY ARE PREMATURE AND NOT YET RIPE FOR ADJUDICATION.**

The only cause of action in fact asserted against A.I. Marine in this matter is the Chapter 93A, section 11 claim. M.G.L. Ch. 93A, section 11 specifically requires a "loss of money or property" in order for a plaintiff to bring such a claim. Whether the plaintiffs suffered a loss of money or property as a result of A.I. Marine's alleged actions cannot be determined until the liability of Fairhaven and the amount of damages with regard to the underlying negligent welding claim are established. Because the liability of Fairhaven and the amount of damages remain in dispute, the Chapter 93A claim is not yet ripe and a dismissal without prejudice of the plaintiffs' claim against A.I. Marine is the appropriate course to take in this proceeding.

Should the negligent welding claims be resolved in favor of Fairhaven, the plaintiffs would have no claim against A.I. Marine. Thus, the time, effort and resources of both the Court and the parties which were put toward litigating the plaintiffs' separate and distinct claim against A.I. Marine would have been wasted and in vain.

B.    **THE PLAINTIFFS WILL NOT SUFFER ANY PREJUDICE BECAUSE THE CLAIMS AGAINST A.I. MARINE ARE BASED UPON AN ENTIRELY DIFFERENT SET OF FACTS FROM THE NEGLIGENT WELDING CLAIMS AGAINST FAIRHAVEN**

The plaintiffs allege that Fairhaven negligently performed welding repairs to the IBEX yacht. Based upon these allegations, the plaintiffs submitted a claim to A.I. Marine.[1] A.I. Marine investigated the plaintiffs' claims and, allegedly, agreed to settle the claims, but later withdrew from its agreement. The only claim against A.I. Marine is based upon its handling of the underlying negligent welding claims. The facts giving rise to the negligent welding claims end before the facts giving rise to the claim against A.I. Marine begin. There is no overlapping of facts.

Because an entirely different set of facts will have to be investigated and, eventually proven, in order to pursue the negligent welding claims, it would not save any resources to litigate the Chapter 93A claim at the same time. Should the plaintiffs prevail on their underlying claim, the relief sought in this motion would not prevent them from pursuing a subsequent claim against A.I. Marine. The plaintiffs' claims against A.I. Marine, at that juncture, would be ripe, free from prejudice to any other party and would not waste judicial resources. Thus, there would be no prejudice to the plaintiffs in having this matter dismissed without prejudice or severed and stayed at this time.

---

[1] The plaintiffs actually submitted their claim to A.I. Marine and another company, York Claims Services, based upon two different policies of insurance.

C. **THE INCLUSION OF THE CHAPTER 93A CLAIM AGAINST A.I. MARINE WILL SEVERELY PREJUDICE FAIRHAVEN.**

Even putting aside the issue that the plaintiffs' claim against A.I. Marine is not ripe, the claim should still be severed and stayed. Pursuant to F.R.C.P. 42(b):

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . ..

In addition to requiring the litigation of an entirely different set of facts, the inclusion of the Chapter 93A claim with the underlying negligent welding claims would severely prejudice Fairhaven. The plaintiffs may argue that the facts giving rise to the Chapter 93A claim are intertwined with the negligent welding claim because A.I. Marine evaluated the negligent welding claim and, initially, agreed to settle the claim on behalf of Fairhaven. This, however, is precisely the reason that the Chapter 93A claim must be dismissed or severed and stayed. What jury, upon hearing that Fairhaven's insurer determined that Fairhaven was negligent, would not find that Fairhaven was negligent?[2]

Furthermore, if this action is not stayed, the plaintiffs will, in all likelihood, attempt to direct discovery requests to A.I. Marine for information that should not be discoverable in the negligent welding action. A plaintiff is ordinarily not permitted access to a liability insurer's claims handler's or adjuster's claim file. In the vast majority of cases, a tort plaintiff would not even attempt to gain access to such information. In this matter, it is perhaps inevitable that the plaintiffs will seek to

---

[2] The basis for withdrawal of the settlement offer by A.I. Marine was not the discovery of new facts relevant to Fairhaven's negligence, but rather was based upon a determination that no coverage existed.

5

discover information that is not properly discoverable, thus causing the discovery process in this case to be more unwieldy than necessary.

## CONCLUSION

Based upon the Chapter 93A claim not being ripe, the different set of facts that form the basis for the Chapter 93A claim and the severe prejudice that would be suffered by Fairhaven by including the Chapter 93A claim against A.I. Marine, the defendant, A.I. Marine, respectfully requests that this Court dismiss or, in the alternative, sever and stay the claims asserted by St. Paul Travelers and IBEX against A.I. Marine.

The Defendant,

A.I. MARINE ADJUSTERS, INC.,
By its Attorneys,

*/s/ Robert M. Elmer*

James J. Duane, III
B.B.O. # 136500
Robert M. Elmer
B.B.O. # 640269
Taylor, Duane, Barton
   & Gilman, LLP
111 Devonshire Street
Boston, MA 02109
(617) 654-8200

### CERTIFICATE OF Rule 7.1 CONFERENCE AND OF SERVICE

I, Robert M. Elmer, hereby certify that, prior to filing the within motion, I conferred with counsel for the plaintiffs concerning said motion in an attempt to resolve or narrow the issue. I further certify that on this __3__ day of August, 2004, I served a copy of the above motion by mailing same, postage prepaid to all counsel of record.

*/s/ Robert M. Elmer*
Robert M. Elmer

6