UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11314-PBS

| | |
|---|---|
| ST. PAUL TRAVELERS, as successor in interest to ATLANTIC MUTUAL INSURANCE CO. Marine Division, subrogee of IBEX LLC, and IBEX, LLC<br><br>    Plaintiffs<br><br>v.<br><br>FAIRHAVEN SHIPYARD, INC., and A.I. MARINE ADJUSTERS, INC., a member of AMERICAN INTERNATIONAL GROUP, INC.,<br><br>    Defendants | OPPOSITION OF PLAINTIFFS ST. PAUL TRAVELERS AND IBEX, LLC TO MOTION OF DEFENDANT A.I. MARINE ADJUSTERS, INC. TO DISMISS OR IN THE ALTERNATIVE, TO SEVER AND STAY THE CLAIMS |

Now come the plaintiffs, St. Paul Travelers, as successor and interest to Atlantic Mutual Insurance Co., Marine Division, subrogee of IBEX, LLC, and IBEX LLC ("Plaintiffs") and oppose the motion of the defendant A.I. Marine Adjusters, Inc. ("A.I. Marine") to dismiss or, in the alternative to sever and stay the claims. For the reasons more fully stated below, A.I. Marine's motion should be denied.

I.     ARGUMENT

(a)     <u>The Court Should Not Dismiss Any of the Plaintiffs Claims Until the Respective Roles of the Parties Have Been Clearly Established by Discovery</u>

With respect to A.I. Marine, the plaintiffs have asserted claims against them, as underwriter, for Fairhaven Shipyard, sounding in breach of contract (Complaint, Count I); breach of warranty (Complaint, Count II); and negligence (Complaint, Count III). The respective roles, duties and responsibilities of those two parties have not yet been established by discovery. Until

such time as that can be clearly shown, the plaintiffs' claims in Counts I, II and III against A.I. Marine (or "AIG" as stated in the Complaint) should not be dismissed.

(b)  <u>The Court Should Not Sever and Stay the Plaintiffs' G.L. c.93A, §11 Claims</u>

The plaintiffs also seek to sever and stay Count IV of the plaintiffs' complaint. This count sets forth a claim against A.I. Marine for violation of G.L. c.93a, §11, the Massachusetts unfair method of competition and/or unfair or deceptive trade act or practices statute. The specific facts of the allegation set forth in Count IV show why the Count IV claims against A.I. Marine are inseparably intertwined with the overall conduct of A.I. Marine. The specific substance of the plaintiffs Chapter 93A claim is that after A.I. Marine evaluated the exposure of its insured Fairhaven Shipyard (an evaluation which included review of its own expert report which found faulty welding), it concluded that there did exist liability and exposure on the part of the shipyard, and accordingly it entered into an agreement to settle for $55,000. Then, inexplicably, A.I. Marine withdrew that agreement and refused to negotiate further. (Complaint, ¶¶36-38).

On the facts as alleged, the negligence, and therefore the admitted exposure of Fairhaven Shipyard, is inseparably intertwined with the settlement conduct of A.I. Marine, which first entered into and later reneged on, a settlement agreement. The issues are therefore overlapping and separate trials will not further convenience, will not avoid prejudice, and will not be "conducive to expedition and economy". F.R.C.P. 42(b). Where the issues are intertwined or overlapping, bifurcation is not an appropriate remedy. <u>Franchi Construction Co. Inc. v. Combined Insurance Companies of America</u>, 580 F.2d (1st Cir, 1978); <u>Data General Corp. v. Grumman Systems Support Corp.</u>, 795 F. Supp. 501 (D. Mass., 1992), <u>aff'd.</u>, 36 F. 3d 1147.

II.  CONCLUSION

For the reasons stated herein, the plaintiffs St. Paul Travelers and IBEX LLC respectively request that this Honorable Court deny the motion of the defendant A.I. Marine to dismiss, or in the alternative to sever and stay the claims.

    Plaintiffs,

    ST. PAUL TRAVELERS as successor in interest to ATLANTIC MUTUAL INSURANCE CO. Marine Division, subrogee of IBEX LLC, and IBEX, LLC

    By their attorney,

    */s/ William Hewig III*
    William Hewig, III (BBO# 541910)
    Kopelman and Paige, P.C.
    31 St. James Avenue
    Boston, MA 02116
    (617) 556-0007

CERTIFICATE OF SERVICE

I, William Hewig III, hereby certify that on the below date, I served a copy of the foregoing Opposition of Plaintiffs St. Paul Travelers and IBEX, LLC To Motion of Defendant A.I. Marine Adjusters, Inc. to Dismiss or in the Alternative, to Sever and Stay the Claims, by first class mail, postage prepaid, to the following counsel of record:

    James J. Duane, III, Esq.
    Robert M. Elmer, Esq.
    Taylor, Duane, Barton & Gilman LLP
    111 Devonshire Street
    Boston, MA 02109

Dated: August 30, 2004        */s/ William Hewig III*
230022/61095/0002               William Hewig III