UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ST. PAUL TRAVELERS, as successor
in interest to ATLANTIC MUTUAL
INSURANCE CO. Marine Division,
subrogee of IBEX LLC, and IBEX, LLC,

      Plaintiffs,

v.

FAIRHAVEN SHIPYARD, INC., and
A.I. MARINE ADJUSTERS, INC.,
a member of AMERICAN INTERNATIONAL
GROUP, INC.,

      Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Civil Action No.
04-11314-PBS

**ANSWER BY THE DEFENDANT, FAIRHAVEN SHIPYARD, INC.;
DEFENDANT DEMANDS A TRIAL BY JURY AS TO ALL ISSUES**

The defendant, FAIRHAVEN SHIPYARD, INC., denying each and every allegation of the plaintiff's Complaint unless specifically admitted, answers each numbered paragraph as follows:

### I. PARTIES

1. As to paragraph 1, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

2. As to paragraph 2, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

3. As to paragraph 3, the defendant admits only that they are "a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts [with] a usual place of business at 50 Fort Street, Fairhaven, Massachusetts" and denies the remainder of the averments therein.

4. As to paragraph 4, the averments contained therein do not pertain to this defendant, so no further answer is required.

## II. JURISDICTION AND VENUE

5. As to paragraph 5, the defendant denies the averments therein.

6. As to paragraph 6, the defendant denies the averments therein.

## III. FACTS

7. As to paragraph 7, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

8. As to paragraph 8, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

9. As to paragraph 9, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

10. As to paragraph 10, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

11. As to paragraph 11, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

12. As to paragraph 12, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

13. As to paragraph 13, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

14. As to paragraph 14, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

15. As to paragraph 15, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

16. As to paragraph 16, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

17. As to paragraph 17, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

18. As to paragraph 18, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

19. As to paragraph 19, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

20. As to paragraph 20, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

21. As to paragraph 21, the averments contained therein do not pertain to this defendant, so no further answer is required.

22. As to paragraph 22, the averments contained therein do not pertain to this defendant, so no further answer is required.

23. As to paragraph 23, the defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

## COUNT I – BREACH OF CONTRACT

24. As to paragraph 24, the defendant incorporates herein by reference paragraphs 1-23.

25. As to paragraph 25, the defendant denies the averments therein.

26. As to paragraph 26, the defendant denies the averments therein.

27. As to paragraph 27, the defendant denies the averments therein.

WHEREFORE, this Defendant prays for judgment as follows:

   a) dismissing each part of the Complaint on its merits;

   b) for their costs, disbursements and attorney fees; and

   c) for such other relief as the Court deems just and proper.

## COUNT II – BREACH OF WARRANTY

28. As to paragraph 28, the defendant incorporates herein by reference paragraphs 1-27.

29. As to paragraph 29, the defendant denies the averments therein.

30. As to paragraph 30, the defendant denies the averments therein.

31. As to paragraph 31, the defendant denies the averments therein.

WHEREFORE, this Defendant prays for judgment as follows:

   a) dismissing each part of the Complaint on its merits;

   b) for their costs, disbursements and attorney fees; and

    c)    for such other relief as the Court deems just and proper.

### COUNT III - NEGLIGENCE

32. As to paragraph 32, the defendant incorporates herein by reference paragraphs 1-31.

33. As to paragraph 33, the defendant denies the averments therein.

34. As to paragraph 34, the defendant denies the averments therein.

35. As to paragraph 35, the defendant denies the averments therein.

WHEREFORE, this Defendant prays for judgment as follows:

    a)    dismissing each part of the Complaint on its merits;

    b)    for their costs, disbursements and attorney fees; and

    c)    for such other relief as the Court deems just and proper.

### COUNT IV - G.L. ch. 93A, §11

36. As to paragraph 36, the defendant incorporates herein by reference paragraphs 1-35.

37. As to paragraph 37, the averments contained therein do not pertain to this defendant, so no further answer is required.

38. As to paragraph 38, the averments contained therein do not pertain to this defendant, so no further answer is required.

39. As to paragraph 39, the averments contained therein do not pertain to this defendant, so no further answer is required.

## DEMAND FOR JURY TRIAL

This Defendant, Fairhaven Shipyard, Inc., demands a trial by jury for all of the issues and all of the counts alleged by the Plaintiff in their Complaint.

**WHEREFORE**, the defendant, prays for judgment as follows:

a) dismissing each part of the Complaint on its merits;

b) for its costs, disbursements and attorney fees; and

c) for such other relief as the Court deems just and proper.

## FIRST DEFENSE

This defendant states that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) insofar as this Court lacks subject matter jurisdiction.

## SECOND DEFENSE

This defendant states that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) insofar as this Court lacks personal jurisdiction over this defendant.

## THIRD DEFENSE

This defendant states that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(3) insofar as venue is not proper.

## FOURTH DEFENSE

This defendant states that the plaintiff's Complaint should be dismissed against this defendant pursuant to Rule 12(b)(4) for insufficiency of process.

### FIFTH DEFENSE

This defendant states that the plaintiff's Complaint should be dismissed against this defendant pursuant to Rule 12(b)(5) insofar as service of process upon this defendant was not sufficient.

### SIXTH DEFENSE

This defendant states that the plaintiff's Complaint should be dismissed against this defendant pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### SEVENTH DEFENSE

This defendant states that if the plaintiff sustained damages as alleged in the Complaint, such damages were caused by the acts and/or omissions of a third party over whom this defendant exercised no control, and for whom this defendant is and was not responsible.

### EIGHTH DEFENSE

This defendant states that if the plaintiff sustained damages as alleged in the Complaint, such damages were caused by the intervening and superseding acts and/or omissions of a third party, which acts and/or omissions this defendant did not and reasonably could not foresee.

### NINTH DEFENSE

This defendant states that the negligence of the plaintiff and/or that of a third party contributed to and/or was a cause of any damages as alleged in the Complaint and such damages should be apportioned by the Court.

### TENTH DEFENSE

This defendant states that the plaintiff impliedly and/or expressly waived the Warranty of Workmanlike Performance and/or that the same was excluded by agreement between the parties.

### ELEVENTH DEFENSE

This defendant states that the plaintiff has waived any right to bring this action, and, therefore, the plaintiff's claim should be dismissed.

### TWELFTH DEFENSE

This defendant states that to the extent that it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

### THIRTEENTH DEFENSE

This defendant states that the plaintiff has failed to mitigate their damages.

### FOURTEENTH DEFENSE

This defendant states that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(8) insofar as this defendant has been misnamed.

### FIFTEENTH DEFENSE

This defendant states that this action is barred by the doctrine of Laches in that the defendant has been prejudiced by the excessive delay of the plaintiff in seeking the relief requested.

### SIXTEENTH DEFENSE

This defendant states that the relief sought by the plaintiff is excessive and asserts that the plaintiff is only entitled to the lower of fair market value of the vessel at the time of the alleged casualty or the reasonable cost of repair.

### SEVENTEENTH DEFENSE

This defendant states that if the plaintiff suffered damages as alleged, the plaintiff had assumed the risk of such damages.

### EIGHTEENTH DEFENSE

This defendant states that the plaintiff accepted the services described in the Complaint and after accepting such services, failed to give notice to this defendant of the breach of any promise or warranty within a reasonable time after the plaintiff knew, or should have known, of their alleged breach, and this defendant was thereby prejudiced.

### NINETEENTH DEFENSE

This defendant states that the plaintiff has waived its rights in that after accepting the services described in the Complaint, the plaintiff failed to permit this defendant a reasonable opportunity to cure any defects that might be covered by this defendant's warranty.

### TWENTIETH DEFENSE

This defendant states that the plaintiff is barred from recovery in that any warranties which may have existed are unenforceable due to subsequent alteration of the repair services rendered by this defendant.

### TWENTY-FIRST DEFENSE

This defendant states that the plaintiff is barred from recovery for the lack of a joint survey.

### TWENTY-SECOND DEFENSE

This defendant states that it was relieved of any liability that may be found against it by an intervening or superseding cause.

Respectfully submitted,

*[signature]*

John F. Leahy, Jr.
Attorney for the Defendant,
FAIRHAVEN SHIPYARD, INC.
Long & Houlden
100 Summer Street
Boston, MA  02110
(617) 439-4777
BBO# 289860

> I hereby certify that a true copy of the above document was served upon each attorney of record by mail on August 31, 2004.
>
> *[signature]*

DATE: 8-31-04