UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11314-PBS

ST. PAUL TRAVELERS, as successor in interest to ATLANTIC MUTUAL INSURANCE CO. Marine Division, subrogee of IBEX LLC, and IBEX, LLC

    Plaintiffs

v.

FAIRHAVEN SHIPYARD, INC., and A.I. MARINE ADJUSTERS, INC., a member of AMERICAN INTERNATIONAL GROUP, INC.,

    Defendants

JOINT PRE-TRIAL MEMORANDUM

Pursuant to the provisions of L.R. 16.5(D) the parties now submit the following joint pre-trial memorandum.

(1)    Concise Summary of Evidence That Will Be Offered

    (a)    Plaintiff's Evidence:

        (1)    The motor yacht, M/Y IBEX, grounded on June 15, 2001, in the harbor of Woods Hole, Massachusetts and was taken for repairs to the facilities of the defendant, Fairhaven Shipyard in Fairhaven, Massachusetts. There, between June 15 and July 25, 2001, it was hauled and repairs were performed upon portions of the hull damaged in the grounding. At the time of service, the crew of IBEX continued to observe the system's slow fuel leaks around the vessel's main fuel tank. On August 2, 2002, M/Y IBEX was hauled at a facility in Barrington, Rhode Island named Brewer's Cove Haven Marina. Inspection upon IBEX there revealed a fuel leak at the bottom of the forward bulkhead on the main fuel tanks, and an additional leak at the aft bulkhead, separating the aft fuel tank from the main fuel tank. At trial, the plaintiff will show that the fuel leakage was a result

of defective welding performed on IBEX's hull while at Fairhaven Shipyard during June and July, 2001.

(b)     Defendant's Evidence

The defendant, Fairhaven Shipyard, Inc., is expected to challenge the cause, necessity and reasonableness of repairs to the vessel, IBEX, at the defendants' shipyard in 2001 and also subsequent repairs to the IBEX at Cove Haven Marine in 2002-2003. The plaintiff will submit evidence through the testimony of its designated expert, Joseph Lombardi, Marine Surveyor, that time and labor charges for various repair work to the subject vessel were excessive and/or unnecessary. The defendant will also submit evidence through its expert that certain charges for parts and materials were excessive and that a portion of the repairs to the subject vessel were not causally related to the accident which is the subject of this lawsuit.

(2)     Facts Established By Pleadings, Stipulations or Admissions

(a)     Fairhaven Shipyard is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with the usual place of business at 54 North Street, Fairhaven, Massachusetts

(b)     St. Paul Travelers is a corporation duly organized and existing under the laws of the State of New Jersey and having a usual place of business at 1200 American Road, Morris Plains, New Jersey.

(c)     At all relevant times herein St. Paul Travelers was the successor in interest to Atlantic Mutual Insurance Company, Marine Division.

(d)     Atlantic Mutual was a corporation duly authorized and existing under the laws of the State of New Jersey, and at all material times hereto was authorized to issue policies of marine insurance within the State of Rhode Island.

  (e) At all times material hereto, Atlantic Mutual issued a policy of marine insurance to M/Y IBEX and to IBEX LLC, owners of the M/Y IBEX.  On June 15, 2001, M/Y IBEX grounded while navigating in the harbor of Woods Hole, Massachusetts.

  (f) Between June 16 and July 25, 2001, M/Y IBEX was in the custody of Fairhaven Shipyard at Fairhaven, Massachusetts, for repairs relating to the June 15, 2001 grounding.  On July 26, 2001 M/Y IBEX was relaunched and redelivered to the service of her owners.  Among other things, the welding of damaged portions of the hull were included among the repairs performed upon M/Y IBEX by Fairhaven Shipyard between June 16 and July 25, 2001.

(3) <u>Contested Issues of Fact</u>

  (a) Whether repairs conducted by Fairhaven Shipyard between June 16 and July 25, 2001 were negligent?

  (b) If the repairs were negligent, did they contribute to fuel leaks and other problems subsequently experienced by M/Y IBEX in the year 2002, and following?

  (c) If the repairs were faulty or negligent, and if they caused fuel leaks, did they result in subsequent repair damages, and loss of use damages to owners of M/Y IBEX?

  (d) Did Fairhaven Shipyard breach its contract to perform marine repairs on M/Y IBEX between June 16 and July 25, 2001?

  (e) Did Fairhaven Shipyard breach its duty to perform repair work in a workmanlike manner between June 16 and July 25, 2001?

  (f) Were all repairs to the vessel, IBEX, causally related to the grounding, which is the subject of this lawsuit?

  (g) Were the time and labor charges of repairs conducted at Cove Haven Marine fair and reasonable, time, labor, materials and such charges fair and reasonable and in conformance

with such charges by marine repair facilities in the business of repairing of such vessels as the IBEX?

(4)     Jurisdictional Questions:

None

(5)     Questions Raised By Pending Motions

None

(6)     Issues of Law, Including Evidentiary Questions Together With Supporting Authority

A case involving a contract for repair of a vessel is a maritime case giving rise to admiralty jurisdiction. Kossick v. United Fruit Co. 365 U.S. 731, 735 (1961).

In the absence of a relevant statute, general maritime law will govern. East River S.S. Corp v. Transamerica Delaval, 476 U.S. 858 (1986).

In general maritime law, a ship owner may sue in contract or tort for negligent repair of a vessel. Todd Shipyards Corp. v. Turbine Service Inc., 674 F.2d 401 (5th Cir. 1982).

The right to sue in contract under general maritime law includes a right to sue for breach of expressly assumed obligations, or for breach of an implied warranty of workmanlike performance. Ryan Stevedonig Co. v. Pan Atlantic S.S. Corp., 350 U.S. 124.

Indemnity form a marine repair contractor may be had for breach of an implied warranty even in the absence of negligence. S.S. Amazonia v. New Jersey Export Marine Carpenters Inc., 564 F.2d 5, 8 (2d Cir. 1977).

A ship repairer may also be liable for the maritime tort of negligence. Alcoa S.S. Co. v. Charles Ferran & Co., 383 F.2d 46, 50 (5th Cir. 1967).

Purely economic losses are recoverable in an admiralty case, if not under principles of general maritime law, under state law. Ballard Shipping Co. v. Beach Shellfish, 32 F3d 623, 1994 AMC 2705 (1994).

(7) <u>Requested Amendments to Pleadings:</u>

None

(8) <u>Additional Matters in Aid of Disposition</u>

The parties presently contemplate mediating the case on September 15, 2005. The parties will report the results to the court immediately.

(9) <u>Probable Length of Trial:</u>

Three-four days (non-jury)

(10) <u>Names, Addresses and Telephone Numbers of Witnesses to Be Called</u>

(a) <u>Plaintiff's Witnesses:</u>

Ms. Nancy Zachariades
Fireman's Fund Marine, Underwriters
75 Wall Street, 8th Floor,
New York, New York 10005-2833

Dr. Joseph Barone,
St. Paul Travelers,
1200 The American Road
North Plains, New Jersey 07950

Mr. Don Podesla
c/o IBEX LLC,
2 Goat Island
Newport, Rhode Island 02840;

Mr. Joel Sparrow,
Marine Surveyor
Marine Adjusters, Inc.
P.O. Box 566270
Miami, Florida 33256

Mr. Anthony Knowles,
Marine Surveyor,
7 Baldwin Road
Middletown, Rhode Island 02842

        Mr. Theodore A. Toth,
Applied Metal Sciences, Inc.
4740 126th Avenue, 8L-F
Clearwater, Florida 33762;

Mr. Michael Keyworth
Brewer, Copehagen Arena,
101 Narragansett Avenue
Barrington, Rhode Island 02806

Peter W. Ebbutt,
Marine Architect
Ocean Motion,
2582 Flemming Grant Road
Micco, Florida 32976

(b)    <u>Defendant's Witnesses</u>:

        Armand Deslauriers, Welding Foreman
93 Peckham Rd.
Acushnet, MA 02743

Jeffrey Lech, Welder
52 Keaksarge St.
New Bedford, MA 02745

Randy Isherwood, Welder
P.O. Box 9424
Fall River, MA 02720

Gilbert Mendes, Welder
292 Mill Rd.
Fairhaven, MA 02719

Phil Majndle, Welder
6 Robinson Rd.
Rochester, MA 02770

Tony Eleniefsky, Fiberglass Repair
6A Crandon Rd.
Acushnet, MA 02743

Humberto Veira, Paint Sprayer
444 Hawes St.
New Bedford, MA 02745

       Ron Fortier, Project Manager
837 Pine Hill Dr.
New Bedford, MA 02745

Roger Judge, Owner/President
38 Fort St.
Fairhaven, MA 02719

Richard Minor, Surveyor (represented Hull Underwriters at time of incident alleged, <u>not an employee</u> of Fairhaven Shipyard, Inc.)
SGS Marine Services
175 Paramount Dr.
Raynham, MA 02767

Craig Marx, Yard Manager
63 Laurel St.
Fairhaven, MA 02719

Desmond Connolly, Marine Surveyor
P.O. Box 621
Buzzards Bay, MA  02532

Dale Ferguson,
Total Welding
P.O. Box 249
E. Freetown, MA  02717

Joseph Lombardi, Marine Surveyor and Consultant
Ocean Technical Services
Ten Washington St.
Manchester, MA  01944

Both parties reserve the right to seasonably supplement this list.

(11) <u>Proposed Exhibits</u>

  (a)  <u>Plaintiff's Exhibits</u>:

    Plaintiff intends to offer voluminous repair documents too numerous to number at this time.  The parties have agreed to meet and pre-mark their exhibits.

  (b)  <u>Defendant's Exhibits</u>:

1. Fairhaven Shipyard Inc.'s Work Order No. 501128 detailing all repairs made to the M/Y IBEX.

2.  Documents contained within plaintiff's initial and supplemental response to defendant's request for production of documents.

(12)  Objections to Evidence

None at present.

|  |  |
|---|---|
| Plaintiffs, | Respectfully submitted,<br><br>Defendant, |
| ST. PAUL TRAVELERS as successor in interest to ATLANTIC MUTUAL INSURANCE CO. Marine Division, subrogee of IBEX LLC, and IBEX, LLC | FAIRHAVEN SHIPYARD, INC.<br><br>By its attorney, |
| By their attorney, | /s/ John F. Leahy<br>John F. Leahy, Esq. (BBO # 289860)<br>Long & Holden<br>100 Summer Street<br>Boston, MA  02110 |
| /s/ William Hewig III<br>William Hewig, III (BBO# 541910)<br>Kopelman and Paige, P.C.<br>31 St. James Avenue<br>Boston, MA 02116<br>(617) 556-0007 |  |

259692/61095/0002